IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

VANDRICIA DEISHON FINLEY,      )
                               )
                Petitioner,    )
                               )
        v.                     )          Civil Action No. 3:13cv565-WHA
                               )                    (WO)
UNITED STATES OF AMERICA,      )
                               )
                Respondent.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* motion by Vandricia Deishon Finley

("Finley") to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

**I. INTRODUCTION**

On May 7, 2010, under a plea agreement, Finley pled guilty before a magistrate judge

to possession with intent to distribute 50 grams or more of crack cocaine, in violation of 21

U.S.C. § 841(a)(1).[1] On April 21, 2011, the district court sentenced Finley to 188 months in

prison.

Finley appealed, challenging the drug quantity attributed to him as relevant conduct,

the reasonableness of his sentence, and the district court's failure to apply the Fair Sentencing

Act ("FSA"), which amended the sentencing provisions in 21 U.S.C. § 841(b)(1) by

increasing the amounts of crack necessary to trigger the mandatory minimum sentences for

---

[1] The plea agreement contained a waiver of Finley's right to appeal or collaterally challenge
his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.

offenses under § 841(a)(1).[2]  In an opinion entered on November 6, 2012, the Eleventh

Circuit determined that the appeal waiver in Finley's plea agreement was valid and

enforceable and that he therefore had waived his ability to contest the drug quantity attributed

to him or the reasonableness of his sentence.  *United States v. Finley*, 494 Fed. App'x 988,

989-90 (11th Cir. 2012).  The appellate court addressed Finley's claim that he should have

been sentenced under the FSA and found that plain error occurred because the FSA applied

to all defendants, like Finley, sentenced after the statute's enactment on August 3, 2010.[3]  *Id.*

at 990-91.  However, the appellate court found that the plain error did not affect Finley's

substantial rights, because:

> Finley was held responsible for a staggering amount of drugs, placing him well
> above the quantities necessary to trigger the mandatory minimum sentences
> that were revised under the Fair Sentencing Act.  *See* 21 U.S.C. § 841 (2006
> & Supp. V 2012).  Even if the [district] court had applied the Fair Sentencing
> Act, Finley's base offense level and guideline range would not have been
> different.  And the mandatory minimum sentences played no role in the
> sentence imposed."

*Id.*  Accordingly, the Eleventh Circuit affirmed Finley's sentence.  *Id.*  Finley did not seek

---

[2] Pub.L. 111–220, 124, Stat. 2372 (codified at 21 U.S.C. § 841 (2010)); *see, e.g., Lamar v. United States*, No. 2:10cv898, 2012 WL 5869086, at *2 (M.D. Ala. Oct. 11, 2012), adopted, 2012 WL 5869111 (M.D. Ala. Nov. 19, 2012).

[3] In *Dorsey v. United States*, __ U.S. __, 132 S.Ct. 2321 (2012), which was decided on June 21, 2012 (well after Finley's April 2011 sentencing and while his case was on direct appeal), the United States Supreme Court held that the FSA applies in an initial sentencing proceeding that takes place on or after the statute's effective date of August 3, 2010, even if the defendant's offense occurred before that date.  *See id.* 132 S.Ct. at 2326.  The Eleventh Circuit addressed the FSA issue raised in Finley's appeal after noting that the Government conceded it was not seeking to enforce the appeal waiver with respect to that claim. The Government sought to enforce the appeal waiver with respect to Finley's other sentencing claims.

certiorari review of the Eleventh Circuit's decision.

On August 5, 2013, Finley filed this motion under 28 U.S.C. § 2255 asserting claims

that his counsel rendered ineffective assistance by:

(1)   misinforming him about the statutory minimum sentence
      applicable to his offense, consequently depriving him of a
      knowing and intelligent choice concerning his plea;

(2)   inducing him to waive his right to appeal by misinforming him
      about the statutory range of penalties;

(3)   failing to effectively challenge application of the sentencing
      enhancement under U.S.S.G. § 3B1.1(c) for being an organizer
      or leader of the criminal activity;

(4)   failing to argue he was entitled to sentencing under the Fair
      Sentencing Act; and

(5)   failing to argue effectively at sentencing and on appeal against
      the drug quantity attributed to him.

Doc. No. 1 at 4-5; Doc. No. 2 at 8-44.[4]

On November 19, 2014, Finley moved to amend his § 2255 motion to add a claim that

the magistrate judge lacked the statutory and constitutional authority to accept his guilty plea.

Doc. No. 22.

After due consideration of Finley's § 2255 motion, the submissions supporting and

opposing the motion, and the record in this case, the court concludes that the motion should

be denied without an evidentiary hearing.  *See* Rule 8(a), *Rules Governing Section 2255*

---

[4] Document numbers ("Doc. No.") are those assigned by the Clerk in the instant civil action.
References to exhibits ("Ex.") are to exhibits filed by the Government with its response and
supplemental response.  Page references are to those assigned by CM/ECF.

*Proceedings in the United States District Courts.*

## II.  DISCUSSION

### A.  General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.  *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  Ineffective Assistance of Counsel

#### Standard for Assessing Claims of Ineffective Assistance

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689.  Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

at 694.  *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable.  *Chandler*, 218 F.3d at 1314 (internal quotation marks omitted).  The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance."  *Id*. (internal quotation marks and brackets omitted).  "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."  *Id*.

As noted, under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"  *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.  *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").  "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  *Id*. at

372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994). The Supreme Court has held a criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). The Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52. Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel presented other strong issues. *Smith v. Robbins*, 528 U.S. 259, 287-88 (2000).

<u>Finley's Claims of Ineffective Assistance</u>

## 1.    *Misinformation about Statutory Minimum Sentence*

Finley contends that his trial counsel rendered ineffective assistance of counsel by misinforming him about the statutory minimum sentence applicable to his offense, thereby depriving him of a knowing and intelligent choice concerning his guilty plea.  Doc. No. 1 at 4; Doc. No. 2 at 11-19.  In this regard, he maintains that his counsel – and the magistrate judge at the change of plea hearing – incorrectly advised him that the statutory minimum sentence he faced upon conviction was 20 years in prison when the statutory minimum sentence he faced under his plea agreement was 10 years in prison.  Doc. No. 2 at 12-13.

Finley's claim here is disingenuous. In January 2010, the Government filed an information under 21 U.S.C. § 851 giving notice of its intent to seek an increase in Finley's punishment based on his prior felony drug conviction.  *See* Ex. B.  The filing of the § 851 notice increased the applicable statutory minimum for Finley's offense – possession with intent to distribute 50 grams or more of crack in violation of 21 U.S.C. § 841(a)(1) – from 10 years in prison to 20 years in prison.[5]  The Government ultimately agreed to withdraw the § 851 notice as a negotiated term of the plea agreement upon Finley's providing substantial assistance to the United States.

The written plea agreement and statements by the parties at the change of plea hearing

---

[5] *See* 21 U.S.C. § 841(b)(1)(A) (2009) (providing, when Finley's plea was entered, that the sentence for a conviction of a violation of § 841(a) where the offense involves 50 grams or more of cocaine base and the defendant has "a prior conviction for a felony drug offense[,]" shall be "not less than 20 years and not more than life imprisonment."  Absent a prior conviction for a felony drug offense, the sentence for a § 841(a) conviction involving 50 grams or more of cocaine base when Finley's plea was entered was from 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2009).

establish that the Government's agreement to withdraw the § 851 notice was contingent upon Finley's providing substantial assistance, and that the determination of whether such substantial assistance was provided was to be made by the Government alone. *See* Ex. C at 2-3; Ex. D at 3. If the Government determined that Finley did not provide substantial assistance, the § 851 notice would *not* have been withdrawn and the statutory minimum sentence could be no less than 20 years.[6] Therefore, when Finley entered his guilty plea, he was correctly advised that the statutory minimum sentence he faced upon conviction was 20 years in prison. Only the Government's subsequent determination (i.e., after entry of the guilty plea and before sentencing) that Finley provided substantial assistance resulted in his receiving a sentence of less than 20 years.

The *Strickland* standard for evaluating claims of ineffective assistance of counsel was held applicable to guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A petitioner alleging ineffective assistance in this context must establish that counsel's performance was deficient (i.e., professionally unreasonable) and that counsel's deficient performance "affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would ... have pleaded [not] guilty and would ... have insisted on going to trial." *Id*. *See also, e.g., Slicker v. Wainwright,* 809 F.2d 768 (11th Cir. 1987). Here, Finley maintains that he would not have pled guilty and instead would have opted to proceed to trial if he had been

_____

[6] Finley averred in open court, and in writing, that he understood the terms of the plea agreement. *See* Ex. C at 8; Ex. D at 5.

8

advised by his counsel and the court that the statutory minimum sentence he faced if convicted was 10 years in prison.  Doc. No. 2 at 13-16.  But that would not have been the case.  As noted above, if Finley had proceeded to trial, the Government would not have withdrawn the § 851 notice, and his statutory minimum sentence upon conviction would have been 20 years in prison.

In evaluating claims of ineffective assistance of counsel in the context of guilty pleas, a mere allegation by a defendant that he would have insisted on going to trial but for counsel's errors, although required, is insufficient to establish prejudice; rather, the court will look to the factual circumstances surrounding the plea to determine whether the defendant would have proceeded to trial.  *See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *United States v. Arvantis*, 902 F.2d 489, 494 (7th Cir. 1990); *see also Holmes v. United States*, 876 F.2d 1545 (11th Cir. 1989).  Finley fails to establish that his counsel rendered deficient performance that affected the outcome of the plea process.  *Hill*, 474 U.S. at 59. Not only did counsel correctly advise him that the statutory minimum sentence he faced upon conviction was 20 years, but Finley does not argue plausibly that he would have insisted on going to trial but for counsel's supposed error.

Finley also claims that he interpreted certain pre-plea statements by his trial counsel to mean that he actually faced a statutory minimum sentence of *40* years in prison.[7]  *See* Doc. No. 2 at 13-15.  However, the transcript of the change of plea hearing reflects that the

---

[7] This claim by Finley is inconsistent with his claim that he was induced to plead guilty by counsel's advice that he faced a 20-year statutory minimum sentence.

magistrate judge advised Finley that he faced a statutory minimum of 20 years in prison, and that Finley affirmed to the court that he understood this.  Ex. D at 6.  The written plea agreement, which Finley signed, set forth this same 20-year statutory minimum.  Ex. C at 2. During the plea hearing, Finley also affirmed that, other than the terms of the plea agreement, no one had made any promises or assurances to him to get him to plead guilty.  Ex. D at 5. Finley also acknowledged that he understood that his sentence would be determined by a combination of the sentencing guidelines and the applicable statutes.  *Id*. at 7.

"There is a strong presumption that the statements made during the [guilty plea] colloquy are true."  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Moreover, a defendant's representations regarding the voluntary nature of his plea "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, Finley's assertions regarding his subjective understanding of certain statements by his trial counsel are insufficient to overcome the "formidable barrier" created by his sworn statements at his plea hearing.

For the reasons set forth above, Finley is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 2.    *Inducement to Waive Appeal Rights*

Finley contends that his trial counsel induced him to waive his right to appeal by misinforming him about the statutory range of penalties applicable to him. Doc. No. 1 at 4; Doc. No. 2 at 19-22. However, Finley fails to demonstrate that he received erroneous advice from his counsel regarding his sentence. Other than citing his counsel's advice that he faced a statutory minimum sentence of 20 years – which, as noted above, was correct advice – Finley points to no other way in which his counsel allegedly misinformed him regarding his possible sentence. Because he fails to establish deficient performance and resulting prejudice under *Strickland*, Finley is not entitled to any relief based on this claim of ineffective assistance of counsel.

Morever, the Eleventh Circuit has already determined that the appeal waiver in Finley's plea agreement was entered into knowingly and voluntarily and was therefore enforceable. *See United States v. Finley*, 494 Fed. App'x 988, 989-90 (11th Cir. 2012). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2nd Cir. 1977)). Finley and this court are both bound by the opinion of the Eleventh Circuit, and he is entitled to no relief on his claim that his appeal waiver was invalid.

### 3.     *Sentencing Enhancement under U.S.S.G. § 3B1.1(c)*

Finley contends that his trial counsel rendered ineffective assistance by failing to challenge application of the two-level guideline sentencing enhancement under U.S.S.G. §

11

3B1.1(c) for being an organizer or leader of the criminal activity.  Doc. No. 1 at 5; Doc. No. 2 at 34-38.

The Sentencing Guidelines provide that the leadership enhancement is appropriate where the defendant was "the organizer, leader, manager, or supervisor of one or more other participants."  U.S.S.G. § 3B1.1 cmt. n.2.  Here, the district court credited testimony that at least two other persons – Takio Cheeks and "Big Bill" – distributed cocaine for Finley.  *See* Ex. E at 30. Although Finley argues that the organizer/leader enhancement should not have been applied because he was not indicted with Cheeks and "Big Bill," a "participant," for purposes of the enhancement, is defined as "a person who is criminally responsible for the commission of the offense, but need not have been convicted."  U.S.S.B. § 3B1.1 cmt. n.1. *See United States v. Wolfe*, 367 Fed. App'x 74, 76 (11th Cir. 2010).  The Government need only show by a preponderance of the evidence that the enhancement is applicable.  *United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).  There was credible testimony in this case to support application of the organizer/leader enhancement.  Finley fails to establish deficient performance of counsel and resulting prejudice under *Strickland*.[8]  Therefore, he is not entitled to any relief based on this claim of ineffective assistance of counsel.

### 4.      *Sentencing under Fair Sentencing Act*

Finley contends that his trial counsel rendered ineffective assistance by failing to

---

[8] Finley's trial counsel objected to the organizer/leader enhancement, and Finley does not demonstrate that his counsel could have presented some other argument at sentencing that would have persuaded the district court that the enhancement was not applicable.

12

argue he was entitled to sentencing under the Fair Sentencing Act ("FSA").[9]  Doc. No. 1 at 5; Doc. No. 2 at 38-45.

While the Eleventh Circuit found that the FSA applied to Finley's sentence, it concluded that the drug quantity attributed to Finley was "well above the quantities necessary to trigger the mandatory minimum sentences that were revised under the Fair Sentencing Act"; that "[e]ven if the court had applied the Fair Sentencing Act, Finley's base offense level and guideline range would not have been different; and that "the mandatory minimum sentences played no role in the sentence imposed." *United States v. Finley*, 494 Fed. App'x 988, 990-91 (11th Cir. 2012). Consequently, Finley cannot demonstrate that he was prejudiced by his counsel's failure to argue he was entitled to sentencing under the FSA, and he is entitled to no relief based on this claim.

Finley also asserts that his sentence runs afoul of the Supreme Court's holding in *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013).  *See* Doc. No. 2 at 44. In *Alleyne*, the Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii), for brandishing or discharging a firearm, triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. *Id*.  More broadly, the Court held that, except for

---

[9] The FSA, among other things, increased the drug amounts triggering mandatory minimum sentences for crack trafficking offenses from 50 grams to 280 grams for the 10-year mandatory minimum applicable to defendants not previously convicted of a felony drug offense and the 20-year mandatory minimum applicable to defendants with a prior conviction for a felony drug offense.  21 U.S.C. § 841(b)(1)(A).

prior convictions, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" or admitted by the defendant. *Id*. at 255.

*Alleyne*, decided on June 17, 2013, overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a defendant. *Alleyne*, 133 S.Ct. at 2155. Finley seems to argue that the district court violated *Alleyne* by increasing his statutory minimum sentence based on factfinding regarding the drug quantity for which he was responsible. However, Finley admitted in pleading guilty that he distributed 50 grams or more of crack, a fact sufficient to trigger the relevant mandatory statutory minimum. *See* Ex. D at 10. To the extent that Finley tries to fit the post-FSA drug amounts triggering the statutory minimums into his argument under *Alleyne* (by suggesting either that a jury must have found or he must have admitted that he distributed *280* grams or more of crack to trigger the relevant mandatory statutory minimum), his claim for collateral relief fails, because *Alleyne* does not apply retroactively to cases on collateral review. *See Chester v. Warden*, 552 Fed. App'x 887, 891 (11th Cir. 2014) ("*Alleyne*'s rule does not apply retroactively on collateral review."); *United States v. Harris*, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) ("*Alleyne* was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared *Alleyne* to be retroactive on collateral review ... [a]nd *Alleyne* has not been made retroactive through any combination of cases that necessarily dictate retroactivity."); *Barkley v. Hastings*, 2014 WL 808079, at *5 (S.D. Ga. Feb. 28, 2014) ("The decision in *Alleyne*, is

'an extension' of that in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d

435 (2000)....  Given that *Apprendi* is not retroactively applicable on collateral review, it is

unlikely the Supreme Court will give the ruling in *Alleyne* retroactive effect."); *United States

v. Lewis*, 2014 WL 5527904, at *6-7 (W.D. Ark. Nov. 3, 2014) (same).

Finally, Finley's trial and appellate counsel could not be ineffective for failing to raise

a claim under *Alleyne*.  The Supreme Court decided *Alleyne* well after Finley was sentenced

and his appeal was final.  Counsel was not deficient for failing to make an argument based

on a case that had not been decided at the time or for failing to anticipate a change in the law.

*See Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001) (counsel's failure to

anticipate *Apprendi* was not deficient).

### 5.    *Challenge to Attributed Drug Quantity*

Finley contends that his counsel rendered ineffective assistance at sentencing and on

appeal by failing to argue effectively against the drug quantity attributed to him.  Doc. No.

1 at 5; Doc. No. 2 at 22-34.

The record reflects that Finley's counsel objected at sentencing to the drug quantity

attributed to him as relevant conduct, whereupon the district court heard witness testimony

concerning Finley's drug-dealing activities.  *See* Exs. E & F.  In his testimony, DEA Agent

Thomas Halasz recounted interviews with defendants in separate cases who, like Finley,

distributed crack in and around Chambers County, Alabama. Ex. E at 9-30. These defendants

were able to provide information regarding Finley's drug dealing between 2004 and 2009.

*Id*. United States Probation Officer Jennifer Frank used this information to reach a conservative estimate of the quantity of drugs distributed by Finley over the relevant time period. *See* Ex. F at 8-10.

The district court sustained Finley's counsel's objections as to drug quantity in part and overruled in part. Ex. F at 25. Finding that some of the drug quantity attributed to Finley by Officer Franks was duplicated, the district court ordered that the total amount be reduced by the questionable amounts. *Id*. at 25-28, 44-45. The final amount of crack cocaine attributed to Finley was over 175 kilograms and had a marijuana equivalence of about 635,918 kilograms. *Id*. at 45. The final amount of powder cocaine attributed to Finley was approximately 15 kilograms and had a marijuana equivalence of about 3,038 kilograms. *Id*. The total marijuana equivalence of over 638,957 kilograms carried a base offense level of 38 under the Sentencing Guidelines.

Finley does not demonstrate that his counsel could have presented some other argument at sentencing that would have resulted in a reduction in the drug quantity attributed to him. The arguments Finley presents in his § 2255 motion are essentially challenges to the district court's drug quantity determinations and do not establish deficiencies in the performance of his trial counsel. The merits of the district court's findings regarding drug quantity may not be challenged by Finley at this point. The waiver of challenges to sentencing issues contained in Finley's plea agreement applied both to direct appeal and collateral proceedings. As noted, the Eleventh Circuit found the waiver to be valid and

16

enforceable on direct appeal.  For the same reasons, this court finds the waiver to be valid and enforceable as to any sentencing issues Finley seeks to relitigate through his § 2255 motion.  *See United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (to enforce such a waiver, the Government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver).  Because Finley's counsel objected to the attributed drug quantity at sentencing and Finley does not demonstrate that better arguments were available for his counsel to make, Finley is not entitled to any relief based on his claim that counsel performed deficiently at sentencing.

Despite the appeal waiver as to sentencing issues contained in the plea agreement, Finley's counsel on appeal raised a claim challenging the drug quantity attributed to Finley as relevant conduct.  *See United States v. Finley*, 494 Fed. App'x 988, 989-90 (11th Cir. 2012).  The Eleventh Circuit, however, determined that the appeal waiver was valid and enforceable and therefore held that Finley had waived his ability to contest the drug quantity attributed to him.  *Id.*  The existence of the valid appeal waiver regarding sentencing issues foreclosed counsel's avenues for challenging on appeal the drug quantity attributed to Finley. Thus, counsel could not be ineffective for failing to argue effectively on appeal against the attributed drug quantity.  Finley is not entitled to any relief based on this claim.

### C.  Magistrate Judge's Authority to Accept Guilty Plea

In an amendment to his § 2255 motion, Finley claims that the magistrate judge lacked

17

the statutory and constitutional authority to accept his guilty plea.  Doc. No. 22.  In support

of this claim, he cites the Seventh Circuit Court of Appeals' recent decision in *United States*

*v. Harden*, 758 F.3d 886 (7th Cir. 2014), in which that court held that a United States

Magistrate Judge is not permitted to accept a guilty plea in felony cases and adjudicate a

defendant guilty.  *See* 758 F.3d at 891-92.  However, the Seventh Circuit's ruling conflicts

with the majority of circuit courts who have ruled on this issue, including the Eleventh

Circuit.  *See United States v. Woodard*, 387 F.3d 1329, 1332-33 (11th Cir. 2004) (holding that

magistrate judges have statutory and constitutional authority to accept felony guilty pleas);

*Harden*, 758 F.3d at 891 (acknowledging a split from the Second, Fourth, Fifth, Eighth,

Ninth, Tenth, and Eleventh Circuit Courts of Appeal).  The decisions of the Seventh Circuit

Court of Appeals are not controlling in this matter; however, the decision of the Eleventh

Circuit in *Woodard* is.  The magistrate judge was authorized to accept Finley's guilty plea.[10]

Finley also cites the Eleventh Circuit's recent decision in *Brown v. United States*, 748

F.3d 1045 (11th Cir. 2014), as support for this claim.  In *Brown*, the Eleventh Circuit held that

Congress did not evince an intent to allow magistrate judges to enter final judgments in

proceedings under 28 U.S.C. § 2255.  *Id*. at 1058-59, 1065-68.  Finley's reliance on *Brown*

is misplaced, because it involved final judgments on § 2255 motions and did not undermine

---

[10] With the exception of the Seventh Circuit in *Harden*, every court to have examined this issue has held that (1) the Federal Magistrates Act, 28 U.S.C. § 636, authorizes a magistrate judge, with the defendant's consent, to conduct Fed.R.Crim.P. 11 guilty plea proceedings, and (2) the statutory grant is not an impermissible usurpation of Article III powers, U.S.C.A. Const. Art. 3, § 1 et seq.  *See Woodard*, 387 F.3d at 1331 (citing cases).  Finley expressly consented to the magistrate judge's conducting his plea colloquy.  *See* Ex. J; *see also* Ex. D at 2.

the court's holding in *Woodward* that magistrate judges have statutory and constitutional authority to accept felony guilty pleas.  Therefore, Finley is not entitled to any relief based on this claim.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Finley be DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before May 11, 2015.**   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 27th day of April, 2015.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE